Good morning. Pleasure to be here. This case is about the government missing the deadline for filing an indictment, and it's about whether the government acted properly in simply repeating the charge that was alleged in the complaint, and simply adding the protected zone location to avoid... Doesn't that make it something else besides simple repetition, when you make the charge have a different element or an additional element? Well, if the test was if an additional element is included, and in this case, the additional element was simply the protected location, if that's going to be the test, then the government would be able to wait a day, wait a month, wait a year, wait two years, and simply add that protected location element. But that's not the test. The elements test is not the test. The test is set forth in the district court relied on Gaskin, and that's the case that's often cited. But cases that have interpreted Gaskin, and I'm going to cite the case that is not in the brief, but it's U.S. v. Pepin, P-E-P-P-I-N. It's a district court case from New York. The Gaskin case comes out of the Second Circuit from New York. But Pepin was a district court case which explicitly stated that the elements test is not the only thing that the court can consider. And I'm going to just read from the language of that. It says the court's speedy trial analysis of the indictment was of the pleadings as a whole as opposed to an element by element inquiry. And in Pepin, the indictment was subsequently dismissed because in that case the court found that there had just simply been gilding of the indictment. And the Pepin case also relied upon another district court case which found that gilding had occurred, another New York district court case. In this case, the government missed the deadline. There was no justification for missing the deadline. There was no additional evidence that had been obtained from the date of arrest to the filing of the indictment. The only thing, the only thing that was different was adding of the school zone location. But it does create a different charge, a different crime. A different charge? Well, I'm going to quote the Pepin case again. And it says a common sense, a common sense comparison of the two documents and the particular circumstances of this case militate against an interpretation of the statute that would permit the government to split hairs in this manner. And again, if this court were to allow the government to do what it did in this case, it could wait a day, a month, a year, two years, and simply get around the Speedy Trial Act by adding a protected zone location. I think the unique facts of this case would go to the finding in that the government simply missed the deadline. And the consequences for missing the deadline pursuant to the Speedy Trial Act is dismissal of the charge. Are you familiar with the case the government cited, United States v. Miller, from 1994? And the reason I ask that is in Miller, as I understand what our court did there, was it wasn't exactly the same situation but somewhat similar in that defendants charged in a complaint with drug distribution, they missed the deadline. They later filed an indictment that's untimely, charging drug distribution and a 924C carrying firearm connection with the drug distribution. Our court said that the district court had to dismiss the drug charge but not the 924C because the 924C was a separate charge. Do you think that has any applicability to this case? Well, it certainly helps the defense's position. Okay, so how does that help your position? Well, in Miller, as I understand it, the gun count was not alleged in the criminal complaint. And that obviously survived the motion to dismiss. In our case, there are no new charges. Do you think the distribution, which was the subject of the complaint, is a lesser included offense of distribution within a protected location? I think the 8th Circuit has determined that it is. And the government cites Carpenter, which is, you know, valid law. And that's why I began my comments by saying if the court were just to simply compare elements, then obviously the protected zone location is an additional element. But that's not what the court's, I think, responsibility is to do. It's to look at the entire circumstances of the case, which this district court case I cited, Pepin, did. And one other sentence I'm going to read, quote, And I think that's exactly what has happened in this case. The government would be allowed in every subsequent case, if the court were to adopt the government's position, to wait and wait and simply add a protected location. And I don't know what the percentage of drug offenses occur within protected locations. As I cited in my brief, it's in urban areas, it is an overwhelming majority. And to allow the government to... What would be the incentive for the government to practice such a tactic? Well, it's in the event they miss the deadline, as they did in this case, they have that insurance of simply adding the protected zone to the charge. Thank you, Your Honors. Thank you, Mr. Sheets. Mr. Trimble. May it please the Court, Counsel. Mark Trimble, Assistant United States Attorney, Northern District of Iowa, Cedar Rapids. Regarding the speedy trial issue, we believe that the Gaskin case was appropriately relied on by the district court. Here, as in Gaskin, it was a greater included offense, and the statutory language involves indicting on such charges. And so we think Gaskin is consistent with the language of such charges, and therefore the judge read correctly relied on Gaskin. Also, Gaskin avoids the pitfalls of some of the factual-based tests when you look at some of the gilding cases. And gilding means different things to different courts. But when you look at things like the defense suggests on the change of the theory of prosecution, or a change in the time period, or were any other additional accounts added, it makes it more amorphous. Whereas here, under Gaskin, not only is it consistent with the statute, but you are looking at was there an additional element. Regarding the 70-day time period, as we noted in our brief, the 70 days began when the defendant appeared on the indictment, not when the defense argues that he should have appeared on July 22nd, and so therefore the time should have started then. So the court appropriately ruled on that as well. On the prejudice issue, if this case were found, alternatively, to be subject to dismissal, the court properly ruled that that dismissal would be without prejudice, de-factoring in the seriousness of this offense, the fact that it's a federal drug offense that Congress had emphasized within a protected location, the facts and circumstances of this offense, which was it was 33 days, but because of the weekend, actually, it should have been filed on a Monday was the deadline, and the indictment was on a Tuesday. So it was one day later than what would have been the last permissible day. What about the language in the Speedy Trial Act that doesn't seem to limit problems to filing the same offense, but also where there is an offense based on the same conduct or arising from the same criminal episode? There's not any new facts for the change. It seems that the exact same criminal conduct or the exact same conduct was used to create the additional charge. And, Your Honor, you're referring, I'm looking at 3161, you're referring to D1 here? Yes. Thank you. Your Honor, I see that begins with dismissed upon motion of the defendant, and then it says dismissed or otherwise dropped. I haven't done a comparison of the circumstances in C and D, Your Honor, to determine that different language. All right. I just thought I'd see if you thought about it. Yeah, I would have to. No, we're thinking about it. To look at that, Your Honor. On the prejudice issue, given the short length of the delay and the fact there wasn't bad faith, that was a factor that the district court cited. And the impact on administration of justice, given the fact that the defendant was on pretrial release and the fact that he had no prejudice shown to his ability to present a defense, those would all militate in favor of the court's finding, alternatively. Can we rely upon that finding now? I mean, if there was a speedy trial violation, don't we have to send it back to the district court? Judge Reed can make a decision as to whether she's going to dismiss with or without prejudice. Maybe things have changed. It's now two years. At least one factor is different. Now it's two years. Maybe that would factor into her analysis. He's already been in jail for almost two years, dismissed without prejudice. Then you have to decide whether you want to reindict somebody who's already probably served the sentence or going to get it anyway. I mean, things change. And maybe the same result wouldn't occur. I think this court would have the discretion to do that. I'm not recalling if in cases in the past that has always been done or if that has been done some of the time, Your Honor. What do you mean? Cases that have been dismissed for speedy trial violations? There's not that many cases that get dismissed for speedy trial violations. Your Honor, I'm not recalling if there's any cases where a judge made an alternative finding and then the appeals court said it should have been dismissed, whether the appeals court nevertheless up... I'm not sure what cases were in that posture. But I think that likely would be the case that if this court found that there was a speedy trial act violation, that it would remand for Judge Reed to decide. I don't know. Because at a minimum, if Mr. Sheets is right, it should have been dismissed, and presumably without prejudice based upon what Judge Reed said. You would have then had to reindict. You haven't reindicted. I don't know that you can bootstrap onto the original indictment if there's a speedy trial violation. I don't know if it would be... Maybe I'm not following, Your Honor. I don't know if it would be bootstrapping or not. If it was dismissed without prejudice, then the same charges would be there. And so I think this court could also say that the court would have dismissed without prejudice. The government would have refiled and would have upheld. But I understand the court's point that it's a different posture once it's sent back. So I don't have any additional thoughts on that, Your Honor. If there are no further questions, we would rest on our brief and ask that the court be affirmed. Thank you. Thank you, Counsel. Mr. Sheets. Thank you, Your Honor. Offense based on the same conduct or arising from the same criminal episode is what the statute states at D1. And I think that is what has happened in this case. But for the protected zone allegation, there is nothing, nothing different. In terms of Judge Malloy's question about if the case was determined to be a violation of the Speedy Trial Act, would the case be remanded to the district court to determine whether or not the case is dismissed with or without prejudice? I think that Judge Malloy is correct in that it would be returned to the district court for the district court to make that decision. Mr. Sheets, did you intend to address your argument regarding the release condition on gang affiliation? The reason I didn't address it, Your Honor, I think it's the briefs have clearly put forth all of the arguments on that. And I think the issue that controls is this speedy trial. If the case is dismissed, then obviously we wouldn't get to either the reasonableness of the sentence, two and a half year prison sentence for an ounce and a half of marijuana, which I think is completely unreasonable, or we would not get to the conditional release. Thank you, Your Honors. Thank you, Mr. Sheets. Thank you also, Mr. Trimble. Court appreciates your presence this morning on a difficult day to get out of bed and out in the streets. We appreciate your making it here today, and we'll take the case under advisement and render a decision in due course. Thank you.